# Exhibit 3



# MUTUAL NON-DISCLOSURE AGREEMENT

**THIS MUTUAL NON-DISCLOSURE AGREEMENT** ("**MNDA**") is made on 24 August 2015 ("**Effective Date**") between:

**PARTIES:**

(1) **SEED CX LTD.**, a private limited company registered in Colorado, USA (company number: [20151390222]) with its registered office at 35 Pinyon Pine Road, Littleton, CO, 80127 ("**SEED CX**"); and

## (2) Russell Andersson

(each referred to in this MNDA as a "**Party**", and collectively as the "**Parties**").

**RECITALS:**

(A) The Parties for their mutual benefit may already have exchanged and wish further to exchange certain confidential information in order that each of them may evaluate such information in relation to the Purpose (as hereinafter defined).

(B) The Parties wish to define their rights with respect to such confidential information and to protect the confidentiality and the proprietary features of such information.

**THE PARTIES AGREE** as follows:

**1. DEFINITIONS**

In this MNDA:

| | |
|---|---|
| "**Confidential Information**" | means any information or data disclosed in connection with the Purpose (whether in writing, orally, or by any other means and whether directly or indirectly) by a Party ("**Disclosing Party**") to the other Party ("**Receiving Party**") whether before or after the date of this MNDA including, without limitation, information relating to the Disclosing Party's products, services, |



| | |
|---|---|
| | customers, suppliers, processes, plans or intentions, know-how, design rights, trade secrets, market opportunities and / or business affairs, technical and /or business information relating to proprietary ideas, patentable ideas, existing and / or contemplated products and services, research and development, production, costs, profit and margin information, finances and financial projections, clients, marketing, and business plans and models, regardless of whether such information is designated as Confidential Information at the time of its disclosure. |
| "Group" | means the individual or group of companies composed of the referenced Party, its parent undertaking (if any) and all subsidiary undertakings of the referenced Party and of the referenced Party's parent undertaking (if any). |
| "Purpose" | means any evaluations, discussions or negotiations between or within the Parties or their respective Groups regarding concepts, offerings (including any business plans and documentation) and opportunities for collaboration regarding Seed CX's platform, contract specifications and the sharing of expertise of the futures market. |
| "Representatives" | means the directors, officers, employees, contractors and consultants of the Receiving Party and its Group. |

## 2. OBLIGATIONS AND RESTRICTIONS

(a) The Receiving Party shall:

    (i) maintain the Disclosing Party's Confidential Information in strict confidence and shall exercise in relation thereto no lesser security measures and degree of care than those which the Receiving Party applies to its own confidential information. The Receiving Party warrants that such security measures provide adequate protection against unauthorised disclosure, copying or use;



(ii) ensure that disclosure of the Disclosing Party's Confidential Information is restricted to Representatives who are directly concerned with the Purpose;

(iii) not make copies or reproductions of the Disclosing Party's Confidential Information except to the extent necessary for the Purpose or which have been created in order to comply with the Receiving Party's internal policy on record retention;

(iv) not divulge the Disclosing Party's Confidential Information, in whole or part, to any third party and use its best endeavours to prevent the unauthorised publication or disclosure of the same;

(v) use the Disclosing Party's Confidential Information only for the Purpose and make no commercial use of the same or any part thereof without the prior written consent of the Disclosing Party;

(vi) ensure that Representatives are aware of and comply with the restrictions as to confidentiality and non-disclosure contained in this MNDA; and

(vii) at any time during the term of this MNDA, upon request by the Disclosing Party, immediately return or otherwise dispose of the Disclosing Party's Confidential Information, including all copies or reproductions of such information, provided that the Receiving Party may retain proper professional records to comply with the Receiving Party's internal policies on record retention or as necessary to comply with standard computer back-up procedures.

(b) The restrictions imposed by clause 2(a) shall not apply to the disclosure of any Confidential Information which:

(i) is now in, or hereafter comes into, the public domain without breach of this MNDA by the Receiving Party;

(ii) the Receiving Party can show either: (1) was in its possession or known to it by being in its use or being recorded in its files or computers or other recording media prior to receipt from the Disclosing Party and was not previously acquired by the Receiving Party from the Disclosing Party under an obligation of confidence; or (2) to have been developed by or for the Receiving Party at any time independently of any information disclosed to it by the Disclosing Party;

3



(iii)     the Receiving Party obtains or has available from a source other than the Disclosing Party without breach of this MNDA by the Receiving Party, or such source of any obligation of confidentiality or non-use towards the Disclosing Party;

(iv)     is required, requested or ordered to be disclosed by law, a ruling or other notice of any court authority or governing body of competent jurisdiction or any regulatory body provided that, to the extent permitted and practicable, the Receiving Party will notify the Disclosing Party promptly on receipt of such ruling or notice and will work with the Disclosing Party in good faith to limit the extent of that disclosure as far as possible and lawful;

(v)     is hereafter disclosed by the Disclosing Party to a third party without restriction on disclosure or use; or

(vi)     is hereafter disclosed with the prior written approval of the Disclosing Party.

The restrictions imposed by this clause 2 shall continue in full force and effect, notwithstanding the completion of the Purpose.

### 3. TERM AND TERMINATION

(a) The obligations of each Party shall, notwithstanding any earlier termination of negotiations or discussions between the Parties in relation to the Purpose, continue in full force and effect from the date of signing this MNDA and for a period of three (3) years from the termination of this MNDA.

(b) The Receiving Party will within twenty (20) working days of receipt of the Disclosing Party's written request destroy or return (at the discretion of the Disclosing Party) all documents and other materials in its possession, custody or control (including copies of the same) that bear or incorporate any part of the Disclosing Party's Confidential Information and will where requested to do so certify the same in writing to the Disclosing Party provided that the Receiving Party may retain any Confidential Information as may be required to be kept by law, regulatory body or governing body of competent jurisdiction or to comply with the Receiving Party's internal policies on record retention or as necessary to comply with standard computer back-up procedures.

## 4. GENERAL

(a) In no event shall the Receiving Party be deemed to have acquired any rights or interest in or to any of the Disclosing Party's Confidential Information. Such Confidential Information shall remain the sole and exclusive property of the Disclosing Party.

(b) The disclosure of Confidential Information by the Disclosing Party shall not create an obligation on either Party to enter into any transaction.

(c) The Disclosing Party does not warrant the accuracy or completeness of its Confidential Information and all implied warranties or representations in respect of such Confidential Information are hereby excluded.

(d) No failure or delay of either Party in exercising any right under this MNDA shall be deemed a waiver of the right. No waiver of any default on any one occasion shall constitute a waiver of any subsequent default. No single or partial exercise of any right shall preclude the further or full exercise of it.

(e) Save in respect of fraudulent misrepresentation by either Party, this MNDA constitutes the entire agreement between the Parties relating to its subject matter and supersedes all prior agreements and understandings, whether oral or written. This MNDA may not be amended unless agreed in writing by authorised signatories of the Parties.

(f) This MNDA and the rights and obligations herein are personal to the Parties and may not be assigned or otherwise transferred, in whole or in part, without the prior written consent of both Parties.

(g) Any notice to be made by either Party to the other shall be sufficiently made if sent by prepaid first class registered post, email to the email addresses as below or delivered by hand to the Party to be served at the address specified at the top of this MNDA, or such other address as may be notified in writing by one Party to the other.

For SEED CX: contact@seedcx.com
For Russell Andersson: randersson@gmail.com

Except in the case of delivery by hand, and save for evidence to the contrary, the notice shall be deemed to have been made, in the case of delivery by post, two (2) business days

5



from the date of sending or in the case of email, on the next business day after transmission.

(h) This MNDA may be executed by the Parties in one or more counterparts, each of which when so executed and delivered shall be deemed an original agreement, and all of which together shall constitute one and the same instrument. This MNDA may be executed and delivered either in hard copy originals or in scanned copies which in either case shall constitute a valid agreement between the Parties.

(i) If any provision of this MNDA or any part of such provision is held invalid or unenforceable, the remainder of this MNDA will not be affected thereby and each remaining provision or part thereof will be valid and enforceable to the full extent permitted by law. This MNDA, including any non-contractual obligations arising out of or in connection with it, shall be governed by and construed in accordance with the laws of Colorado, USA Both Parties hereby agree to submit to the exclusive jurisdiction of the US courts in connection with the resolution of any disputes (including any disputes relating to non-contractual obligations) arising out of or in connection with this MNDA. In addition to any and all remedies available at law or otherwise, the Receiving Party agrees that the Disclosing Party may be entitled to equitable relief, including injunction and specific performance, in the event of any breach of this MNDA.

**IN WITNESS WHEREOF**, the Parties hereto have caused this MNDA to be duly executed and delivered as of the day, month and year first above written.

For and on behalf of
**SEED CX**

Signed: ………… Brian Liston ………
Name: …………………………………
Title: ………… CEO …………………

Signed: …………………………………
Name: …………………………………
Title: …………………………………

6

**⊙SEED**
CULTIVATING FINANCIAL SECURITY

For and on behalf of
Russell Andersson

Signed: *[signature]*   25-Aug-2015

Name: Russell Andersson ..............................
Title: ............................................

Signed: ............................................
Name: ............................................
Title: ............................................