IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEED CX LTD., <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL ANDERSSON and HEALTH CARE ANALYTICS, LLC, <br><br> Defendants. | Case No. 18-cv-6022 <br><br> The Hon. Edmond E. Chang |

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMIARY INJUNCTION**

Pursuant to Federal Rules of Civil Procedure Rule 65, Plaintiff Seed CX Ltd. requests that this Court issue a Temporary Restraining Order and Preliminary Injunction against Russell Andersson and Health Care Analytics, LLC ("Defendants").

In support of its motion, Seed CX states that it will suffer immediate and irreparable harm unless this Court grants immediate injunctive relief.

Seed CX incorporates by reference all allegations in Seed CX's Complaint, the Declarations of Edward Woodford and Brian Liston, and Seed CX's Memorandum of Law in Support of Emergency Motion For Temporary Restraining Order and Preliminary Injunction.

A temporary restraining order and preliminary injunction are appropriate here because:

1. Seed CX is extremely likely to succeed on the merits of the case;

2. Defendants' illegal conduct, as more fully set out in the Complaint and Memorandum in Support, will continue to cause irreparable harm to Plaintiff unless immediate injunctive relief is granted; and

3. The harm of denying immediate injunctive relief outweighs the harm in granting immediate injunctive relief.

Seed CX's counsel gave notice to Defendants' attorney via email on September 3, 2018 (prior to the filing of the lawsuit) and will attempt to formally serve Defendants today with all the documents in the case.

Seed CX asks that the Court waive bond in this matter. As a part of the consulting contracts at issue in this case, the parties specifically agreed that if either party seeks equitable relief under the 2015 and 2018 Consulting Agreements, no bond or security is required. *See* Ex. 2 , 2015 Agreement at Paragraph 9 ("Consultant and the Company further agree that no bond or other security shall be required in obtaining such equitable relief"); Ex. 3, 2018 Agreement at Paragraph 10 (same); *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 646 F.3d 424, 428–29 (7th Cir. 2011) ("The reason why neither the district court nor this court required a bond is that the contract between Roche and MAS not only assigns to a court (rather than an arbitrator) the question whether to block a sale pending arbitration, but also waives both parties' entitlement to an injunction bond. By waiving the protection of an injunction bond, MAS surrendered any right to compensation should an injunction cause the deal to fall through."); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, No. 11 C 6289, 2012 WL 3544841, at *3 (N.D. Ill. Aug. 16, 2012), vacated on other grounds, 759 F.3d 787 (7th Cir. 2014) ("When the parties have agreed in a contract to waive their entitlement to an injunction bond, a court may properly set the bond at zero, though 'judges should take account of the risk their deeds create.'").

Requiring zero bond here is also appropriate because Seed CX is a startup company and issuing a temporary restraining order in this case will cause limited harm to Defendants as discussed more fully in Seed CX's Emergency Motion for Temporary Restraining Order and Preliminary

Injunction. The potential impact on Defendants of an injunction if they ultimately succeed on the merits is minimal given the early state of their business.

     Seed CX requests that this Court enter a temporary restraining order against Defendants and set a date for a preliminary injunction hearing.

September 4, 2018    Respectfully Submitted,

By: /s/ *Katharine A. Roin*

Matthew R. Ford (ARDC# 6292833)
matthew.ford@bartlit-beck.com
Katharine A. Roin (ARDC# 6302872)
kate.roin@bartlit-beck.com
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Facsimile: (312) 494-4440

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Katharine A. Roin, hereby certify that on September 4, 2018, I filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to all counsel of record.

By: /s/ *Katharine A. Roin*

Katharine A. Roin (ARDC# 6302872)
kate.roin@bartlit-beck.com
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400

*Attorney for Plaintiff*